1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9    KENNETH W. ROYSTER,           CASE NO. 1:11-cv-1061-MJS (PC)

10            Plaintiff,           ORDER TO SHOW CAUSE WHY CASE
SHOULD NOT BE DISMISSED FOR
11    v.                           FAILURE TO COMPLY WITH COURT
ORDER AND FAILURE TO STATE A
12    CALIFORNIA    DEPARTMENT    OF   CLAIM
CORRECTIONS, et al.,
13                                   (ECF No. 20)

14           Defendants.         AMENDED COMPLAINT DUE WITHIN
FOURTEEN DAYS
15

16 _____ /

17

Plaintiff Kenneth W. Royster ("Plaintiff") is a former state prisoner proceeding pro

se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff

has consented to Magistrate Judge jurisdiction.  (ECF No. 5.)

The Court screened Plaintiff's Second Amended Complaint on June 29, 2012, and

found that it failed to state a cognizable claim, but gave Plaintiff an opportunity to file an

amended complaint on or before July 29, 2012.  (ECF No. 20.) July 29, 2012, has passed

without Plaintiff having filed an amended complaint or a request for an extension of time

to do so.

Local Rule 110 provides that "failure of counsel or of a party to comply with these

Rules or with any order of the Court may be grounds for imposition by the Court of any and

all sanctions . . . within the inherent power of the Court."  District courts have the inherent

power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.  See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

Plaintiff has not adequately responded to the Court's June 29, 2012, Order.  He will be given one more opportunity, from **fourteen (14) days** of entry of this Order, **and no later**, to file an amended complaint or show cause why his case should not be dismissed for failure to comply with a court order and failure to state a claim.  **Failure to meet this deadline will result in dismissal of this action.**

IT IS SO ORDERED.

Dated:     August 20, 2012              /s/ *Michael J. Seng*
                                        UNITED STATES MAGISTRATE JUDGE